**GLADSTONEWEISBERG, ALC**
Gene A. Weisberg, Esq. (SBN 91544)
gweisberg@gladstoneweisberg.com
Joseph P. Wohrle, Esq. (SBN 143550)
jwohrle@gladstoneweisberg.com
300 Corporate Pointe, Suite 400
Culver City, CA 90230
Tel: (310) 821-9000 • Fax: (310) 943-2764

Attorneys for Defendant Chubb Custom Insurance Company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SUNSET LANDMARK INVESTMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHUBB CUSTOM INSURANCE COMPANY and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. 2:17-cv-04021-MWF-MRW<br><br>**DEFENDANT CHUBB CUSTOM INSURANCE COMPANY'S OPPOSITION TO MOTION OF PLAINTIFF THE SUNSET LANDMARK INVESTMENT, LLC TO REMAND TO STATE COURT**<br><br>[Filed concurrently with Declarations of G. Weisberg and J. Wohrle and Opposition to Motion for Sanctions]<br><br>Judge: Hon. Michael W. Fitzgerald<br>Date: August 28, 2017<br>Time: 10:00 a.m.<br>Crtrm: 5A<br><br>Trial Date: None Set |

GLADSTONEWEISBERG, ALC

57192 20170718 opp to remand mtn.docx

**OPPOSITION TO MOTION TO REMAND**      **Case No. 2:17-cv-04021-MWF-MRW**

# TABLE OF CONTENTS

Page

1.   INTRODUCTION AND SUMMARY OF ARGUMENT ..................................... 1

2.   FACTUAL AND PROCEDURAL BACKGROUND ........................................ 3

    A.   Facts .................................................................................................. 3

    B.   Lawsuit .............................................................................................. 6

    C.   Meet And Confer Re Removal And Remand ................................. 7

3.   LEGAL ARGUMENT ........................................................................................ 7

    A.   Removal And Remand Generally ................................................... 7

    B.   Sunset Landmark's Citizenship ................................................... 12

    C.   Amount In Controversy ................................................................ 15

    D.   The Cases Sunset Landmark Cites Do Not Provide A Basis For
        Remand, And Its Arguments Against The Cases Chubb Custom
        Cites Are Not Well Founded ......................................................... 20

4.   EVEN IF SUNSET LANDMARK'S MOTION IS GRANTED, IT
    SHOULD NOT BE AWARDED ITS FEES AND COSTS ................................. 22

5.   CONCLUSION ................................................................................................ 24

GLADSTONEWEISBERG, ALC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page

## Cases

*Aledavood v. First Nat'l Ins. Co. of Am.*, 2013 WL 12133648, No. CV 13-1760-MWF (PJWx) (C.D. Cal. May 13, 2013) ................................................. 14, 15

*Babasa v. LensCrafters, Inc.*, 498 F. 3d 972 (9th Cir. 2007) ............................................ 10

*Banning Healthcare Investment, LLC v. Ventas, Inc.*, No. EDCV–15–704–MWF, 2016 WL 7438797 at 1 (C.D. Cal. Aug. 8, 2016) ................................................ 13

*Banta v. Am. Med. Response Inc.*, No. CV 11-03586 GAF RZX, 2011 WL 2837642 (C.D. Cal. July 15, 2011) ................................................................. 15, 16

*Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015 [108 L. Ed. 2d 157] ......... 13

*CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078 (C.D. Cal. 2015) ................................................................................................ 13

*Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335 (2001) ........................................................................................................ 23

*Dulcich, Inc. v. Mayer Brown*, *LLP*, 954 F. Supp. 2d 1129 (D. Or. 2013) ...................... 21

*Durham v. Lockheed Martin Corp.*, 445 F. 3d 1247 (9th Cir. 2006) ............................... 21

*Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 20 S. Ct. 690, 44 L. Ed. 842 (1900) ............................................................................................................... 13

*Harris v. Bankers Life & Cas. Co.*, 425 F. 3d 689 (9th Cir. 2005) ............................... 2, 9

*Hernandez v. YP Advertising and Publishing LLC*, 2017 WL 1536151, No. CV 16–9612 FMO (AJWx) (C.D. Cal. Apr. 26, 2017) ....................................... 17

*Hip Hop Beverage Corp. v. Michaux*, No. CV 16-03275-MWF-AGR, 2016 WL 4034777 at 2 (C.D. Cal. July 25, 2016) ................................................ 9, 13

*Huffman v. Saul Holdings Ltd. Partnership*, 194 F. 3d 1072 (10th Cir. 1999) ................ 20

*Johnson v. Columbia Properties Anchorage, LP*, 437 F. 3d 894 (9th Cir. 2006) ... 2, 12, 13

*Kuxhausen v. BMW Fin'l Services NA LLC*, 707 F. 3d 1136, 1139 (9th Cir. 2013)... 10, 14

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005) ........................................................................................................ 22

*Martinez v. Michaels*, 2015 WL 4337059, No. CV 15–02104 MMM (Ex) (C.D. Cal. July 15, 2015) ............................................................................................. 12, 14

*Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287 (1988) .............................. 23

*Rodriguez v. Boeing Co.*, 2014 WL 3818108, No. CV 14-04625-RSWL (AGRx) (C.D. Cal. Aug. 1, 2014) .............................................................................. 18, 19

GLADSTONEWEISBERG, ALC

*Rodriguez v. Swissport USA, Inc.*, 2015 WL 4977187, No. CV 15-3951-GW (PLAX) (C.D. Cal. Aug. 20, 2015) ........................................................................21

*Roth v. CHA Hollywood Medical Center*, 720 F. 3d 1121 (9th Cir. 2013) ...............passim

*Smilow v. Anthem Blue Cross Life and Health Ins. Co.*, No. CV 15-4556-MWF2105 WL 4778824 at 3 (C.D. Cal. Aug. 13, 2015).......................................9

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed 845 (1938)...........................................................................................................20

*Stone v. Travelers Prop. Cas. Ins. Co.*, No. 1:15-CV-01411-LJO-SMS 2015 WL 7430563 (E.D. Cal. Nov. 23, 2015).................................................................21

*Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F. 3d 1129, 1133 n. 2 (9th Cir. 2002).................................................................................................................13

*Wels v. Starbucks Corp.*, 2014 WL 972191, No. C 14–0200 SBA (N.D........................18

## Statutes

28 USC § 1441 ..........................................................................................8, 9, 12

28 USC § 1332 .................................................................................................9

28 USC § 1332(a), .....................................................................................2, 9, 12

28 USC § 1441 ................................................................................................2

28 USC § 1446 ........................................................................................2, 8, 12

28 USC § 1446(b)(1) ...............................................................................passim

28 USC § 1446(b)(3) ...............................................................................passim

28 USC § 1447(c) ........................................................................................2, 23

California *Code of Civil Procedure* § 415.30......................................................7

California *Insurance Code* § 790.03 ..................................................................23

## Rules

*Federal Rules of Civil Procedure* Rule 4(d) ........................................................7

## Treatises

Schwarzer, *et al. Federal Civil Procedure Before Trial* (California/Ninth Circuit Edition, The Rutter Group, 2017; "Schwarzer"), Schwarzer § 2:3429 *et seq.*; Form 2:B ...............................................................................................................7

Schwarzer, *et al. Federal Civil Procedure Before Trial* (California/Ninth Circuit Edition, The Rutter Group, 2017; "Schwarzer"), Schwarzer § TRG §2:3232 ............10, 17

GLADSTONEWEISBERG, ALC

Defendant Chubb Custom Insurance Company ("Chubb Custom") submits its opposition to Plaintiff The Sunset Landmark Investment, LLC's ("Sunset Landmark") motion to remand to state court ("*Motion*") as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION AND SUMMARY OF ARGUMENT

This case involves an insurance claim for water damage that occurred on January 25, 2010, at the property located at 6525 Sunset Blvd., Los Angeles, when water leaked from a broken pipe. Chubb Custom, which insured the building, paid the claim. Years later Sunset Landmark asserted that it was entitled to additional, unspecified amounts for repairs. The dispute involves whether Chubb Custom has paid all amounts needed to restore the property to its pre-water damage condition and, if not, how much more than has been paid will be required for repairs.

The facts leading up to this lawsuit show that the delay of which Sunset Landmark complains is a circumstance of its own making. Although, as Sunset Landmark indicates, this case is based on an event that is over seven years old, to date, Sunset Landmark has not made a demand in any additional amount for the repairs it contends Chubb Custom should fund. To this day, Chubb Custom does not know how much Sunset Landmark seeks. No amount has been stated in the claim that Sunset Landmark presented, or in the instant lawsuit.

Despite these circumstances, and its filing of a complaint that is silent both as to amount in controversy and the parties' citizenship, Sunset Landmark misconstrues the two 30-day periods described in 28 USC § 1446(b)(1) and § 1446(b)(3) as the *only* periods during which the Chubb Custom may remove. The Ninth Circuit flatly rejected this faulty reasoning in *Roth v. CHA Hollywood Medical Center*, 720 F. 3d 1121 (9th Cir. 2013).

Thus, the issue Sunset Landmark's *Motion* presents, (filed after its counsel's woefully deficient attempt to "meet and confer") is whether the allegations in

GLADSTONEWEISBERG, ALC

Sunset Landmark's complaint were sufficient to start the 30-day removal period under 28 USC § 1446(b)(1). As will be shown, they were not. Indeed, besides being silent on the amount in controversy, just as it has been regarding its insurance claim, Sunset Landmark's complaint also is silent regarding its citizenship. Although "a 60-second search of the California Secretary of State's website readily discloses that Sunset Landmark is a California LLC", as Sunset Landmark suggests, *Motion* at page 4, lines 10-11, that does not answer the citizenship question. Neither does the *Motion*, which espouses the citizenship test for *corporations*, not limited liability companies ("LLCs"). *Motion* at page 4, lines 10-12; page 7, lines 4-11; page 9, line 16 to page 10, line 1; page 16, lines 22-25; *Declaration of Jayesh Patel*, para. 8, 9. As *Johnson v. Columbia Properties Anchorage, LP*, 437 F. 3d 894, 899 (9th Cir. 2006) said, "every circuit that has addressed the question treats [LLCs] like partnerships for the purposes of diversity jurisdiction … We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."

The complaint's failure to allege either the amount at issue or Sunset Landmark's citizenship means that the 30-day removal "clock" was not triggered because *both* are necessary components of diversity jurisdiction, §§ 1332(a), 1441, 1446. Even though notice of removability is determined by the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry," *Harris v. Bankers Life & Cas. Co.*, 425 F. 3d 689, 694 (9th Cir. 2005), analysis of the facts beyond those alleged in Sunset Landmark's complaint will confirm that the 30-day removal "clock" was not triggered. Hence, Chubb Custom's removal was timely, and Sunset Landmark's *Motion* should be denied.

Even if the Court concludes otherwise, Sunset Landmark should not be awarded its fees and costs under § 1447(c) because Chubb Custom had an objectively reasonable basis for removing, which was not sought for the purpose of prolonging litigation or increasing Sunset Landmark's litigation costs.

## 2.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Facts

From February 2010 to July 2011, Chubb Custom issued payments to Sunset Landmark totaling $258,454.43, the amount that Chubb Custom determined to be the cost of water damage repairs based both on estimates obtained and actual costs incurred for repairs that Sunset Landmark's retained contractor performed. (*See,* accompanying declaration of Gene A. Weisberg ("*Weisberg Decl.*") para. 2.)

Up to September 2015, Sunset Landmark, through its then counsel, sought additional payments for loss of business income, but not for water damage repairs. Chubb Custom requested documents to evaluate the business income claim but there was limited compliance with that request. As a result, Chubb Custom was unable to verify the claimed business income loss. *Weisberg Decl.* para. 3.

The claim focus changed on September 8, 2015, when Sunset Landmark's current counsel, Jayesh Patel, first corresponded with Chubb Custom's counsel, Gene Weisberg. Mr. Patel advised of "Sunset Landmark's ongoing issues with the repairs that are needed for the premises." Mr. Patel also inquired about Chubb Custom's willingness to toll the two-year suit limitation period in the policy that then was due to expire on October 6, 2015. *Weisberg Decl.* para. 4; Ex. "1."

On September 18, 2015, Mr. Weisberg conveyed Chubb Custom's agreement to toll the suit limitation period and advised Mr. Patel that if documentation of Sunset Landmark's claimed losses was provided, Chubb Custom would "consider them and would be happy to enter into discussions with you as to whether there is a basis for any additional claim payment." *Weisberg Decl.* para. 5; Ex. "2."

On September 28, 2015, Mr. Patel responded that, unlike before, when loss of business income, not repairs, was the claim focus, now, "Sunset Landmark is focused solely on repairs that Sunset Landmark contends were necessarily

GLADSTONEWEISBERG, ALC

temporary … the prior repairs were only partially completed … we may see little recourse than to file suit unless Chubb is interested in a short tolling to explore the underpinning bases of these issues." *Weisberg Decl.* para. 6; Ex. "3."

Between October 2015 and when this lawsuit was filed on March 14, 2017, Sunset Landmark filed, did not serve, and dismissed other lawsuits. Several times, on Mr. Patel's request, the parties agreed to toll the policy's suit limitation period to allow for more claim information to be provided and investigated. Sunset Landmark said it would provide a revised claim. At one point in early 2016, Mr. Patel told Chubb Custom's counsel that "I expect to get something to you, even if it is in outline form, in the next week to 10 days …" *Weisberg Decl.* para. 7; Ex. "4."

By February 9, 2016, Mr. Patel still had not provided the revised claim, so Mr. Weisberg inquired about its status. Mr. Patel responded that Sunset Landmark's engineer still was assessing "the scope of repair/permit compliance issue that exists as a result of the water damage." *Weisberg Decl.* para. 8; Ex. "5."

During March 2016, consultants for both sides inspected the property, and the parties agreed to extend the tolling agreement another 90 days. More inspections occurred during April 2016. *Weisberg Decl.* para. 9.

However, by late April 2016, Sunset Landmark still had not submitted its revised claim. Thus, on April 26, 2016, Chubb Custom wrote to Sunset Landmark, stating, *inter alia*,

> It is not clear what Sunset Landmark is now claiming … we request Sunset Landmark provide a Sworn Statement in Proof of loss and supporting documentation; including estimates, proposals, reports and any other information Sunset Landmark would like us to consider in support of its claim.

*Weisberg Decl.* para. 10; Ex. "6."

**OPPOSITION TO MOTION TO REMAND          Case No. 2:17-cv-04021-MWF-MRW**

GLADSTONEWEISBERG, ALC

On May 18, 2016, Mr. Patel responded, advising, "We are gathering the information on the repairs and anticipated repair costs." *Weisberg Decl.* para. 11; Ex. "7." As of June 2, 2016, Sunset Landmark still had not submitted the proof of loss or the requested information, so Mr. Weisberg emailed Mr. Patel on that date. Two weeks later, Mr. Patel responded, saying that the proof of claim was "almost complete," and asking to extend the tolling agreement to September 2016. Mr. Weisberg conveyed Chubb Custom's agreement. *Weisberg Decl.* para. 12; Ex. "8."

On June 30, 2016, Sunset Landmark submitted a Proof of Loss form that noted, both as to "The Whole Loss and Damage" (item 7) and "The Amount Claimed" (item 8), "To Be Determined." A letter from Mr. Patel accompanied the Proof of Loss form saying, "we are still working on determining the actual cost of repair," and suggesting that "a computer model can be generated, at a cost between $25,000 and $50,000, to calculate the various structural issues …" Because Sunset Landmark had not provided the amount that it was claiming, Chubb Custom rejected the proof of loss. *Weisberg Decl.* para. 13, 14; Exs. "9," "10."

More dialogue ensued but Sunset Landmark still had not provided any support for its claim that more repairs were needed. Nor had it stated the scope of additional repairs it claimed were required, instead saying a computer analysis was requested to determine what, if anything was needed. Yet, to avoid litigation, Chubb Custom agreed to a third extension of the tolling agreement at Mr. Patel's request. However, Mr. Weisberg advised, "at some point there will need to be a substantive discussion to see if any resolution of the disagreement is possible" and asked for "whatever expert opinions and supporting scientific information you have so they can be considered." *Weisberg Decl.* para. 15; Ex. "11."

Mr. Patel did not respond to Mr. Weisberg's letter. Subsequently, Mr. Patel and Mr. Weisberg had a discussion regarding whether claim settlement was possible. No specific numbers were discussed.

As of early March 2017, it became clear that resolution would not be achieved. In fact, as of that time, and *to and including the present*: (1) Sunset Landmark has not demanded *any amount*; and (2) Chubb Custom has not offered *any amount*. Thus, the statement in the *Motion* at page 1, line 16 ["Chubb's last settlement offer exceeded the jurisdictional limit" (emphasis in original)]; page 3, lines 7-8; page 7, line 6; page 12 lines 13-14 *is false. Chubb Custom has made no offer, and never had or expressed any intent to make a settlement offer in excess of the jurisdictional limit.* To try to support this false statement about "Chubb's last settlement offer," Mr. Patel's Declaration states, differently, "Chubb's own settlement proposals, just before and just after filing of the action in state court … were comprised of ranges of resolution that exceeded the jurisdictional limit of over $75,000." This, too, is false – in addition to not making a settlement offer, Chubb Custom has not discussed *any* monetary figures with Mr. Patel. In those discussions, Mr. Weisberg advised that Chubb Custom would consider settlement in a "defense costs" amount. Chubb Custom had no intent to, and did not, offer "over $75,000," as Mr. Patel asserts. It was anticipated that a "defense costs" settlement would be lower than that figure. *Weisberg Decl.* para. 16.

**B.    Lawsuit**

On March 14, 2017, Sunset Landmark filed its third Los Angeles Superior Court lawsuit against Chubb Custom, Case No. BC 654178, the suit that is the subject of this motion ("Lawsuit #3). Lawsuit #3, which states one claim against Chubb Custom for breach of contract, merely alleges that Sunset Landmark is "a Limited Liability Company doing business in Los Angeles County, California" and that it "owns certain real property and improvements located at 6525 Sunset Boulevard, in Los Angeles, California." Lawsuit #3 is similarly abrupt about the amount in controversy, only alleging, regarding damages, a Prayer that says: "Plaintiff prays for … judgment against Defendant in an amount to be proven at trial …" No damage amount is stated in the body of the complaint.

GLADSTONE WEISBERG, ALC

1      Lawsuit #3 was served on Chubb Custom by a California *Code of Civil*

2  *Procedure* ("CCP") § 415.30 "Notice and Acknowledgement," the state court

3  analog to a *Federal Rules of Civil Procedure* ("FRCP") Rule 4(d) waiver of

4  service, via email to Mr. Weisberg on March 17, 2017. Mr. Weisberg returned the

5  Notice and Acknowledgement to Mr. Patel on March 22, 2017, the date that

6  service is "deemed complete" under CCP § 415.30(c). *Weisberg Decl.* para. 17.

7      Chubb Custom filed its Notice of Removal ("NOR") on May 30, 2017.

8      **C.    Meet And Confer Re Removal And Remand**

9      On June 2, 2017, Mr. Patel sent the first in a series of correspondence

10  between the parties regarding Chubb Custom's removal. Only one of those

11  communications is attached as an exhibit to the *Motion*, a June 6, 2017, letter from

12  Mr. Weisberg's colleague, Joseph Wohrle, replying to Mr. Patel's June 2 letter.

13  Chubb Custom provides the Court with all meet and confer correspondence here.

14  *See,* accompanying declaration of Joseph P. Wohrle ("*Wohrle Decl.*") para. 2-9;

15  Ex. "12" to "18."

16  **3.    LEGAL ARGUMENT**

17      **A.    Removal And Remand Generally**

18      First, Sunset Landmark complains that Chubb Custom's NOR was late,

19  declaring, "Section 1446(b) only contains two 30-day windows for removing a

20  complaint … Chubb's removal falls within neither of these windows." *Motion* at

21  page 5, lines 9-20.[1] The Ninth Circuit rejected this flawed reasoning in *Roth,*

22  *supra*. There, an employee filed a state-law wage and hour class action. The

23

24      [1]Sunset Landmark also complains that Chubb Custom's NOR did not

25  specify under which "30-day window" it was filed. *Motion* at page 5, lines 20-23.

26  However, an NOR need only contain a "short and plain statement of the grounds or

removal." Schwarzer, *et al. Federal Civil Procedure Before Trial* (California/Ninth

27  Circuit Edition, The Rutter Group, 2017; "Schwarzer"), Schwarzer § 2:3429 *et*

28  *seq.*; Form 2:B.

GLADSTONE WEISBERG, ALC

**OPPOSITION TO MOTION TO REMAND          Case No. 2:17-cv-04021-MWF-MRW**

defendant-employers alleged diversity jurisdiction based on diverse citizenship of one would-be class member. Plaintiff successfully moved to remand. The "district court construed 28 U.S.C. § 1446(b)(1) and (b)(3) to permit removal only during the two thirty-day periods specified in those subsections. It held that removal was improper because defendants had not sought removal during either such period." 720 F. 3d 1122.

The Ninth Circuit reversed, framing the issue as, "whether the two thirty-day periods described in § 1446(b)(1) and (b)(3) are the only periods during which the defendant may remove, or if they are merely periods during which a defendant must remove if one of the thirty-day time limits is triggered." 720 F. 3d at 1124.

The court answered the question in the negative:

> Section 1446(b)(1) and (b)(3) specify that a defendant must remove a case within thirty days of receiving from the plaintiff either an initial pleading or some other document, if that pleading or document shows the case is removable. However, these two periods do not otherwise affect the time during which a defendant may remove. That is, the two periods specified in § 1446(b)(1) and (b)(3) operate as limitations on the right to removal rather than as authorizations to remove. … Under 28 U.S.C. § 1441, a defendant may generally remove a civil action from state court to federal district court if the district court would have had subject matter jurisdiction had the action been originally filed in that court …

720 F. 3d at 1122.

Accordingly, the court said,

> We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the

GLADSTONE WEISBERG, ALC

GLADSTONEWEISBERG, ALC

basis of its own information, provided that it has not run
afoul of either of the thirty-day deadlines. For good reason,
§ 1446(b)(1) and (b)(3) place strict limits on a defendant who
is put on notice of removability by a plaintiff. A defendant
should not be able to ignore pleadings or other documents
from which removability may be ascertained and seek
removal only when it becomes strategically advantageous for
it to do so. But neither should a plaintiff be able to prevent or
delay removal by failing to reveal information showing
removability and then objecting to removal when the
defendant has discovered that information on its own.

720 F. 3d at 1125 (relying in part on "indeterminate" complaint rule in *Harris*, *supra* at 693-94); followed by *Hip Hop Beverage Corp. v. Michaux*, No. CV 16-03275-MWF-AGR, 2016 WL 4034777 at 2 (C.D. Cal. July 25, 2016); *Smilow v. Anthem Blue Cross Life and Health Ins. Co.*, No. CV 15-4556-MWF2105 WL 4778824 at 3 (C.D. Cal. Aug. 13, 2015).

Here, Chubb Custom did not delay removal – it removed when it timely answered. There was no "strategically advantageous removal." *Weisberg Decl.* para. 18. Plus, under *Harris, supra*, the 30-day removal "clock" was not triggered because the complaint was silent as to the parties' citizenship and the amount in controversy. Hence, the § 1446(b)(1) limitation does not apply. Since Chubb Custom removed after Sunset Landmark's filed its original complaint in Lawsuit #3, and nothing else had been filed in that lawsuit, Chubb Custom's removal was not subject to the § 1446(b)(3) limitation on removal upon filing of "amended pleading" or "other papers". But, Chubb Custom still could remove because the *fundamental* removal statute, § 1441, applied due to diversity of citizenship under § 1332. Sunset Landmark has improperly conflated Chubb Custom's *ability* to remove under §§ 1441 and 1332(a), with inapplicable *limits* on that ability under

**OPPOSITION TO MOTION TO REMAND**          **Case No. 2:17-cv-04021-MWF-MRW**

§ 1446(b).[2] When the statutes are applied properly, it is clear that the 30-day clock in § 1446(b)(3) has not started to run so it has not expired.

Under the misconception that "the two thirty-day periods described in § 1446(b)(1) and (b)(3) are the only periods during which the defendant may remove," as *Roth* stated it, 720 F. 3d at 1124, Sunset Landmark proclaims that *any* NOR filed more than 30 days after receipt of the complaint is untimely. *Motion* at page 5, line 26 to page 6, line 20. Yet, as Chubb Custom pointed out in its meet and confer correspondence, an "indeterminate" state court complaint, like Sunset Landmark's, does not trigger the commencement of the "30-day clock." *See*, Schwarzer § 2:3232 ["grounds for removal" in complaint "must be 'unequivocally clear and certain' to start the 30-day removal period running."]. *Citing Kuxhausen v. BMW Fin'l Services NA LLC*, 707 F. 3d 1136, 1139 (9th Cir. 2013).

Thus, the pivotal question presented is whether the allegations in Sunset Landmark's complaint were sufficient to "to start the 30-day removal period running," in Judge Schwarzer's parlance. They were not. Since the question involves more than simply counting 30 days on a calendar, Sunset Landmark's general untimeliness argument does not answer the issue. Moreover, *Babasa v. LensCrafters, Inc*., 498 F. 3d 972, 975 (9th Cir. 2007), *Motion* at page 5, line 27, is inapplicable here because it held that a "settlement letter" can provide notice of the amount in controversy and, thus, can start the 30-day period. But no such letter exists here – only a false statement about a settlement conversation. Similarly, the balance of the cases Sunset Landmark cited in support of its general untimeliness argument, *Motion* at page 6, lines 5-20, do not assess the "indeterminate" state court complaint issue that is before the Court.

Sunset Landmark contends that during the meet and confer process,

---

[2]Notably, the NOR cites §§ 1441 and 1332, not § 1446.

**OPPOSITION TO MOTION TO REMAND**   **Case No. 2:17-cv-04021-MWF-MRW**

GLADSTONE WEISBERG, ALC

Chubb Custom asserted that since it was not "bound by the 30-day statutory time limit because Sunset Landmark did not plead its domicile in its complaint," Chubb Custom "was free to remove the case any time it wished within the one-year time limit" at § 1446(c). *Motion* at page 6, lines 25-26. Again, Sunset Landmark raises a red herring. Indeed, Sunset Landmark's position during the meet and confer discussions was that the one year limitation on removal "is based on a policy to prevent acts of bad faith by defendant" and "was enacted to prevent removal of a case wherein substantial progress had been made in state court." *Wohrle decl*. para. 4; Ex. "14". In reply, Mr. Wohrle stated, the "issue" presented "*is not whether the one-year limit governs here, it is whether the 30-day limit applies*. In any case, Chubb Custom has not acted in bad faith. And, no 'substantial progress had been made in state court' …" *Wohrle decl*. para. 5; Ex. "15" (emphasis added). The notice of removal was filed with Chubb Custom's first appearance in the case. Sunset Landmark's only action was filing and serving the complaint. Early on, Chubb Custom identified the fundamental issue that now is before the Court.

Second, even though Chubb Custom was not required to remove within 30 days of its receipt of the complaint, it did not unduly delay removal. Sunset Landmark does not assert that Chubb Custom waited until the eleventh-hour to remove. Again, whether the one-year limit governs here simply is of no moment.

Third, even if Chubb Custom had not removed very early in the litigation, as it did, at some point in the case Sunset Landmark would have presented *some* "amended pleading, motion, order or other paper," in the words of § 1446(b)(3). That ultimately would have implicated the one-year time limit in § 1446(c). So, Chubb Custom would not have been able to sit blithely on its hands for nearly a year and then remove as Sunset Landmark suggests. Chubb Custom did not intend to, and did not, convey that concept in the meet and confer process. Thus, like questions about the content of Chubb Custom's NOR and pages of briefing about

**OPPOSITION TO MOTION TO REMAND          Case No. 2:17-cv-04021-MWF-MRW**

GLADSTONEWEISBERG, ALC

1  the general timeliness of removal, the one-year time limit's applicability under

2  § 1446(c) is immaterial.

3      Instead, the question is whether the allegations in Sunset Landmark's

4  complaint were sufficient "to start the 30-day removal period running," to quote

5  Judge Schwarzer, *supra*. Because the complaint fails to assert either Sunset

6  Landmark's citizenship or the amount at issue– both of which omissions Sunset

7  Landmark *admits*, *Motion* at page 7, lines 16-18; page 9, lines 7-9 – the 30-day

8  removal "clock" was not triggered because *both* are necessary components of

9  diversity jurisdiction, §§ 1332(a), 1441, 1446.

10     **B.    Sunset Landmark's Citizenship**

11     Sunset Landmark admits "the complaint did not identify" its "citizenship"

12 but, citing *Martinez v. Michaels*, 2015 WL 4337059, No. CV 15–02104 MMM

13 (Ex) (C.D. Cal. July 15, 2015), it declares that this omission is "irrelevant." *Motion*

14 at 9, lines 7-9. *Martinez* does not help excuse Plaintiff's omission.

15     Preliminarily, the *Motion* relies on the wrong test for citizenship. Sunset

16 Landmark argues there was sufficient information known to identify a

17 corporation's domicile. But LLCs are treated like partnerships, not corporations,

18 for diversity jurisdiction purposes. As a result, courts look to the citizenship of

19 each LLC member. Sunset Landmark did not allege who are the LLC's members

20 or where they are citizens. That information is not readily available.

21     In *Johnson, supra*, the court held:

22         Notwithstanding LLCs' corporate traits, however, every

23         circuit that has addressed the question treats them like

24         partnerships for the purposes of diversity jurisdiction.

25         [Citations to cases from multiple circuits omitted.] This

26         treatment accords with the Supreme Court's consistent refusal

27         to extend the corporate citizenship rule to non-corporate

28         entities, including those that share some of the characteristics

57192 20170718 opp to remand mtn.docx                12

**OPPOSITION TO MOTION TO REMAND**        **Case No. 2:17-cv-04021-MWF-MRW**

GLADSTONEWEISBERG, ALC

of corporations. *Carden [v. Arkoma Associates*, 494 U.S. 185,] 189, 110 S. Ct. 1015 [108 L. Ed. 2d 157] (treating a limited partnership as having the citizenship of all its members); *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456–57, 20 S. Ct. 690, 44 L. Ed. 842 (1900) (refusing to extend the corporate citizenship rule to a "limited partnership association" although it possessed "some of the characteristics of a corporation"). This treatment is also consistent with the common law presumption that unincorporated associations are not legal entities independent of their members. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F. 3d 1129, 1133 n. 2 (9th Cir. 2002). We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.

437 F. 3d at 899. *See*, also, *CarMax Auto Superstores California LLC v. Hernandez,* 94 F. Supp. 3d 1078 (C.D. Cal. 2015) at 1091 n. 38 ["The Ninth Circuit treats limited liability companies such as CarMax like partnerships for purposes of diversity jurisdiction."]; *Banning Healthcare Investment, LLC v. Ventas, Inc.*, No. EDCV–15–704–MWF, 2016 WL 7438797 at 1 (C.D. Cal. Aug. 8, 2016); *Hip Hop Beverage Corp., supra* at 2.

Accordingly, Sunset Landmark's suggestion that "a 60-second search on the California Secretary of State's website" would have disclosed that Sunset Landmark's domicile is California (*Motion* at page 4, lines 10-12; 9, lines 23-25), misses the mark. In fact, a "60-Second search" of the California Secretary of State's website reveals the agent for service of process and the manager, not any LLC members. The documents available for review on that website do not show any LLC members. (*Wohrle Decl.* para. 11; Exs. "19" to "21.") Chubb Custom had

no knowledge of the members.[3] The complaint did not allege Sunset Landmark's citizenship. Sunset Landmark's assertion that the "removability of the complaint was readily ascertainable, even without applying the 'reasonable amount of intelligence' mandated by *Kuxhausen*" (*Motion* at page 9, lines 26-27) is wrong. Since the "removability of the complaint" was not "ascertainable," "readily" or otherwise, service of the complaint did not start the 30-day clock running, and Chubb Custom's NOR was timely.

Moreover, Martinez, supra, fails to support Sunset Landmark's position. In Martinez, the complaint alleged that Plaintiff "currently" lived in California, the state in which he worked from 2006 until his termination in 2014. After the defendant removed (the notice of removal stated that the plaintiff was a "California citizen"), the plaintiff sought a remand on the basis that the complaint only alleged his residence. The court summarily rejected this notion, because the notice of removal "affirmatively alleged" plaintiff's California citizenship. 2015 WL 4337059 at 3. That is markedly different from here, where Sunset Landmark asserts that the complaint's admitted silence as to its citizenship is irrelevant on the question of whether the 30-day clock was triggered when the complaint was served. *Martinez* deals with an entirely different issue – whether a plaintiff may compel remand where the complaint is silent regarding the defendant's citizenship but the notice of remand alleges citizenship.

*Aledavood v. First Nat'l Ins. Co. of Am.*, 2013 WL 12133648, No. CV 13-1760-MWF (PJWx) (C.D. Cal. May 13, 2013), is equally unavailing. There, the defendant-insurer asserted that it did not know the citizenship of the plaintiff-insured, so the 30-day period did not begin to run until it received the plaintiff's interrogatory responses. The responses showed a California address for the

---

[3]It assumed that the main contact for the LLC, Saeed Nourmand, was a member, but Chubb Custom has no knowledge of how many other members there are, who they are or their State of citizenship.

GLADSTONEWEISBERG, ALC

plaintiff. However, the complaint also disclosed a California address for the plaintiff because attached to it was the policy, which listed the plaintiff's "residential address in Walnut Creek, California." Hence, the court found that the defendant-insurer's argument only made sense if there was "conflicting information in the Complaint" suggesting that the plaintiff "maintained residency elsewhere." But there was not, so remand was appropriate. 2013 WL 12133648 at 2.

Here, by contrast, Sunset Landmark *admits* that "the complaint did not identify [its] citizenship," *Motion* at 9, lines 7-8. Indeed, the complaint alleges merely that "Plaintiff The Sunset Landmark Investment, LLC is, and at all times relevant hereto was, a Limited Liability Company doing business in Los Angeles County, California." Not even the caption says anything about Sunset Landmark other than its name and that it is the Plaintiff. The policy only says that Sunset Landmark's address is "6225 Sunset Boulevard, Los Angeles, CA 90028." *Motion* at 9, lines 16-22. Sunset Landmark's admitted failure to identify its citizenship in its complaint, or provide sufficient information about its members to allow their citizenship to be determined, is fatal to its *Motion,* which, therefore, should be denied.

## C.    Amount In Controversy

Sunset Landmark made no demand before this case was filed, and Chubb Custom made no offer. The proof of loss that was submitted contained no claimed amount, saying only "to be determined." The complaint is silent as to the amount in controversy and there is no evidence showing that Chubb Custom should have known how much Sunset Landmark sought by initiating litigation. All that is known is that Sunset Landmark seeks something more than already has been paid. That is not enough to trigger the 30-day clock, as Sunset Landmark contends. Indeed, citing *Banta v. Am. Med. Response Inc*., No. CV 11-03586 GAF RZX, 2011 WL 2837642 (C.D. Cal. July 15, 2011), Sunset Landmark asserts that cases

**OPPOSITION TO MOTION TO REMAND**          **Case No. 2:17-cv-04021-MWF-MRW**

GLADSTONEWEISBERG, ALC

recognize that where, as here, an "indefinite" pleading is involved, a defendant still might have information that permits it to learn that the amount in controversy exceeds the jurisdictional minimum, so the 30-day clock is triggered. *Motion* at 7, lines 18-26. However, in *Banta*, a wage and hour class action, the defendants removed more than *three years* after the complaint was filed in state court. They contended, unsuccessfully, that it took them that long to determine the case was removable on the basis of the amount in controversy, even though they knew "how many hourly workers they employ[ed] and how much those workers [were] paid …" Thus, the court reasoned, at the time of service, the defendant could have determined the Class Action Fairness Act ("CAFA") threshold of $5 million was met. *Banta* 2011 WL 2837642 at 1.

Here, Chubb Custom does not possess anything close to that level of information regarding the amount in controversy. Actually, it does not know how much is being demanded and it appears that short of discovery, it cannot find out that amount. Indeed, on April 26, 2016, Chubb Custom solicited a Proof of Loss and supporting documentation from Sunset Landmark. (Ex. "6.") Over two months later (June 30, 2016), Sunset Landmark submitted a Proof of Loss form that noted, both as to "The Whole Loss and Damage" and "The Amount Claimed" the same answer: "To Be Determined." Correspondence from Mr. Patel accompanied the Proof of Loss form saying, "we are still working on determining the actual cost of repair …" (Ex. "9.") If Sunset Landmark, to this day, has never stated how much in additional policy benefits it claims to be owed, it cannot reasonably be said that Chubb Custom has knowledge of the amount in controversy.

As Judge Schwarzer explained:

> [m]ost initial state court complaints are not clearly
> removable on their face. They may allege the parties'
> residence but rarely allege the parties' domicile
> (determinative for diversity purposes). Also, state court

1    complaints often do not allege the amount in controversy
2    … *The result is that the initial pleading may not trigger*
3    *the 30-day removal clock. Even if defendant suspects there*
4    *are grounds for removal, it may wait until a subsequent*
5    *pleading or paper discloses removability.*
6    TRG §2:3232 (emphasis added).

7    Nevertheless, Judge Schwarzer noted that a defendant need not wait until
8    plaintiff discloses that information. TRG § 2:3232 The Ninth Circuit agrees. *Roth*
9    *v. CHA Hollywood Medical Center*, *supra,* 720 F. 3d 1121. That is precisely what
10   Chubb Custom did here. Even though it was not constrained by "the 30-day
11   removal clock," it removed promptly rather than waiting for Sunset Landmark to
12   disclose grounds for diversity jurisdiction. Chubb Custom's conduct not only was
13   permitted, it was in accord with good practice.

14   None of the other decisions Sunset Landmark cited in this section of its
15   *Motion* alter this conclusion. *Hernandez v. YP Advertising and Publishing, LLC*,
16   2017 WL 1536151, No. CV 16–9612 FMO (AJWx) (C.D. Cal. Apr. 26, 2017),
17   involved a defendant's claim that because the Plaintiff named "an apparently non-
18   existent entity called YP Advertising & Publishing *LLP* as defendant while
19   defendant is actually named YP Advertising and Publishing *LLC*," removal outside
20   the 30-day period "was timely because it was not named in the Complaint, and
21   therefore it "had no ability or legal obligation to remove the complaint until it was
22   actually named as a defendant …" 2017 WL 1536151 at 2 (emphasis added). The
23   court held that this trifling fault did not prevent the commencement of the 30-day
24   clock. 2017 WL 1536151 at 4. Nothing like that is involved here: Sunset
25   Landmark's complaint is *silent* regarding the amount in controversy and its
26   citizenship. Thus, the "head in the sand" metaphor Sunset Landmark espoused,
27   *Motion* at page 8, line 9, is inapposite. In *Hernandez, supra*, the defendant was
28   trying to capitalize on a trivial defect in the complaint *about itself*. Here by

**OPPOSITION TO MOTION TO REMAND**          **Case No. 2:17-cv-04021-MWF-MRW**

GLADSTONEWEISBERG, ALC

contrast, Sunset Landmark's complaint does not make a small mistake about the amount in controversy; it does not say *anything* about it, except "Plaintiff prays for … judgment against Defendant in an amount to be proven at trial …"

Going beyond the complaint, the correspondence between Sunset Landmark and Chubb Custom shows that even Sunset Landmark *does not know*, or at least has never conveyed to Chubb Custom, what it is demanding. That, no doubt, is why Sunset Landmark said in its proof of loss the amount claimed was "To Be Determined" and why its counsel said more engineering analysis was desired to help make that determination.

In *Wels v. Starbucks Corp.*, 2014 WL 972191, No. C 14–0200 SBA (N.D. Cal. Mar. 5, 2014), the plaintiff alleged negligence and premises liability, seeking damages for wage loss, medical expenses and lost earning capacity. Although no specific amount of damages was alleged in the complaint, the plaintiff, who earned $137,000 per year, asserted that she would miss six months' work and advised the defendant in writing that her demand would "undoubtedly be in the multiple six figures …" The court found the defendants' notice of removal untimely under the 30-day rule, rejecting their claim of ignorance of the amount in controversy. Unlike here, the plaintiff told the defendant, in writing, the amount of her demand. 2014 WL 972191 at 3.

Next, in *Rodriguez v. Boeing Co.*, 2014 WL 3818108, No. CV 14-04625-RSWL (AGRx) (C.D. Cal. Aug. 1, 2014), even though the complaint was silent as to amount in controversy, the court held that service of the complaint triggered the 30-day time limit where it sought, *inter alia*, back pay. Like *Rodriguez, supra*, the complaint's allegations made it "facially apparent that back-pay damages alone would come close to the jurisdictional minimum" for diversity, because it asserted that Plaintiff "was an employee for Defendant for over ten years … [a]lthough Plaintiff did not plead his specific salary, as a long-time employer of Plaintiff and aware of Plaintiff's position, Defendant should have known the approximate

1  amount Plaintiff made each year." That, plus the complaint's claims "for punitive

2  damages, attorney's fees, damages for emotional pain and suffering, and front pay

3  … likely put the jurisdictional amount over $75,000." 2014 WL 3818108 at 5.

4  Here, by contrast, Chubb Custom does not know what Sunset Landmark is

5  demanding, although it asked. *Neither does Sunset Landmark*, or at least Sunset

6  Landmark has never communicated a demand to Chubb Custom. There are no

7  claims for punitive damages, attorney fees or extra-contractual damages to make it

8  likely the complaint seeks more than $75,000.

9      *Carter v. Mae*, 2014 WL 7339208, No. SACV 14–01754 CJC (JCGx) (C.D.

10 Cal. Dec. 23, 2014), is similar to *Rodriguez, supra*, where the complaint sought,

11 among other things, back pay from the defendant-employer, which the court said

12 knew what it was paying the plaintiff-employee, so the defendant could not claim

13 ignorance about the amount in controversy.

14     Summarizing, this is the thread of the cases Sunset Landmark cited:

15 where a defendant knows, or with readily available information can determine

16 without undue difficulty, the amount in controversy, that defendant, when faced

17 with a state court lawsuit that is indeterminate regarding the amount in

18 controversy, should not be able to capitalize on the complaint's silence to invoke

19 federal court jurisdiction. Here, no prelitigation demand was made, the complaint

20 is silent as to the amount in controversy, the response to Chubb Custom's

21 prelitigation request for a proof of loss stating the amount claimed was met only

22 with a "to be determined" response, and there is no evidence to draw upon to show

23 that Chubb Custom should have known how much Sunset Landmark sought by

24 initiating litigation. All that is known is that Sunset Landmark seeks something

25 more than it already has been paid and something more than "costs of defense".

26 That is not enough to trigger the 30-day clock. Thus, Chubb Custom's NOR should

27 be found to be timely and Sunset Landmark's *Motion* should be denied.

28

GLADSTONEWEISBERG, ALC

**D.    The Cases Sunset Landmark Cites Do Not Provide A Basis For Remand, And Its Arguments Against The Cases Chubb Custom Cites Are Not Well Founded**

Sunset Landmark complains that Chubb Custom's reliance on *Huffman v. Saul Holdings Ltd. Partnership*, 194 F. 3d 1072, 1077 (10th Cir. 1999), is misplaced because is it not Ninth Circuit authority and it is "irrelevant under the present facts." *Motion* at page 11, lines 15-19. Yet, as Chubb Custom's counsel advised during the meet and confer process, "*Huffman* is cited in Schwarzer … a highly regarded treatise in our jurisdiction" that is based on a Supreme Court decision, *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 290, 58 S. Ct. 586, 82 L. Ed 845 (1938) …" Indeed, *Huffman* is cited in numerous cases in this jurisdiction, including *Harris v. Bankers Life & Cas. Co.*, 425 F. 3d 689 (9th Cir. 2005), and a dozen California district court decisions. Chubb Custom cited this opinion during the meet and confer process as support for the settled rule that, where it cannot clearly be ascertained from the complaint that the plaintiff's claim exceeds $75,000, uncertainty as to the amount in controversy exists and the 30-day clock does not begin to run on the defendant's receipt of the state court complaint.

Sunset Landmark's next grievance is that Chubb Custom's reliance on *Harris, supra*, is inapposite because it is "readily distinguishable" from the case at bar. *Motion* at page 12, line 26.[4] As part of this argument, Sunset Landmark says that "[i]n contrast" to the situation "here, Chubb [Custom] had actual knowledge of Sunset Landmark's domicile; it was not required to conduct an investigation like the one suggested by the *Harris* plaintiff." *Motion* at page 12, n.3. Yet, as noted above "Sunset Landmark's domicile" is irrelevant to the determination of its *citizenship* for diversity purposes.

---

[4]Notably, even though Chubb Custom cited *Huffman* in both of its meet and confer letters, Sunset Landmark failed to distinguish the decision when it corresponded with Chubb Custom, although Chubb Custom asked it to do so. *Wohrle Decl*. para. 5; Ex. "15" at p. 2 para. 2.

**OPPOSITION TO MOTION TO REMAND**          **Case No. 2:17-cv-04021-MWF-MRW**

GLADSTONE WEISBERG, ALC

Sunset Landmark cites *Rodriguez v. Swissport USA, Inc*., 2015 WL 4977187, No. CV 15-3951-GW (PLAX) (C.D. Cal. Aug. 20, 2015), where an individual plaintiff filed a complaint that alleged where she lived and worked. *Motion* at page 14, lines 16-20. That stands in stark contrast to Sunset Landmark's complaint, which only says that it is "a Limited Liability Company doing business in Los Angeles," and whose *Motion* relies on the wrong test for LLC citizenship.

*Durham v. Lockheed Martin Corp.*, 445 F. 3d 1247, 1253 (9th Cir. 2006), is inapplicable here because there is no suggestion that Chubb Custom received "enough facts" – or, indeed, *any* – to start "section 1446's thirty-day clock," as was the situation the court there faced.

In *Stone v. Travelers Prop. Cas. Ins. Co*., No. 1:15-CV-01411-LJO-SMS 2015 WL 7430563 (E.D. Cal. Nov. 23, 2015), remand was based in part on the fact that although the defendant argued "the Complaint was not removable on its face because it was not clear that Plaintiff was a citizen of California," the notice of removal "failed to raise citizenship as an independent basis for removal." 2015 WL 7430563 at 3, 4. Here, by contrast, Chubb Custom's NOR asserts diverse citizenship as a basis for removal. (NOR para. 3(a), 4.)

Unlike *Dulcich, Inc. v. Mayer Brown*, *LLP*, 954 F. Supp. 2d 1129, 1139 (D. Or. 2013), here, the 30-day clock was not commenced because Sunset Landmark's complaint did *not* present Chubb Custom with "critical factual information" regarding Sunset Landmark's citizenship. Even Sunset Landmark's extrinsic facts fail to inform on that point.

Further, Sunset Landmark's second (and still erroneous) discussion of *corporate* citizenship (*Motion* at page 16, line 16 to page 17, line 11) relies on the interplay of that inapplicable aspect of diversity jurisdiction and *Stone, supra*. On both counts (*i.e.*, corporate citizenship criteria and the applicability of the decision to the situation here), the dialogue is immaterial.

GLADSTONE WEISBERG, ALC

Simply put, Sunset Landmark has not refuted the central premise of removability here: its complaint failed to disclose a basis for diversity jurisdiction. Hence, Chubb Custom was not obligated to remove within 30 days from receipt of the complaint. Moreover, Sunset Landmark's criticism is entirely procedural – it does not contest substantively Chubb Custom's removal. Timing is Sunset Landmark's only issue.

Sunset Landmark's *Motion* should be denied.

## 4. EVEN IF SUNSET LANDMARK'S MOTION IS GRANTED, IT SHOULD NOT BE AWARDED ITS FEES AND COSTS

As even Sunset Landmark concedes, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) *only* where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005); *Motion* at page 17, lines 20-24 (emphasis added). Sunset Landmark's only objection to the removal is timing. No hint of any substantive defect in Chubb Custom's removal has been raised. As discussed in detail above, Chubb Custom had a proper basis for removal. It believes the removal should stand. But if the court disagrees, the discussion above makes it clear there was proper rationale for the removal. Sunset Landmark has failed to show a lack of "an objectively reasonable basis for seeking removal," in the parlance of *Martin, supra.*

Further, not even Sunset Landmark asserts that this is an eleventh-hour removal. There is *zero* evidence to suggest that Chubb Custom removed to prolong litigation or increase Sunset Landmark's costs. By contrast, the attached declaration of Mr. Weisberg shows the *opposite*. By removing, Chubb Custom sought to *expedite* resolution of the parties' dispute and *lower* the costs for all litigants. *Weisberg Decl.* para. 18. Indeed, federal district courts are known for faster resolution of cases than the Los Angeles Superior Court. Schwarzer § 1:1140

*et seq*. That is consistent with the historical backdrop for this litigation and the insurance claim from which it arises. On multiple occasions, Chubb Custom was the party who sought a claim figure from Sunset Landmark, which still has not stated one. By contrast, Sunset Landmark was the one that sought multiple extensions of the suit limitations period. In an attempt to avoid litigation, Chubb Custom agreed. But, a review of this lawsuit's factual background hardly would cause a fair-minded reviewer to conclude that Chubb Custom caused any delays.

Summarizing, Sunset Landmark has failed to show it is entitled to an award of fees and costs under either the "objectively reasonable" or "prolong litigation/costs" approaches.

Moreover, Sunset Landmark's references to Chubb Custom's duties under the implied covenant of good faith and fair dealing or California *Insurance Code* § 790.03 are not germane to a fee award under § 1447(c), or at all in this lawsuit. First, Sunset Landmark's complaint does not state a claim for either insurance "bad faith" or a breach of California *Insurance Code* § 790.03; it only states a claim for breach of contract. Second, "bad faith" signifies something beyond breach of a specific contractual duty or even mistaken judgment. *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 345 (2001). Third, in California, there is no private right of action for violations of *Insurance Code* § 790.03; enforcement powers are vested exclusively in the Insurance Commissioner. *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 304 (1988). Hence, neither the implied covenant of good faith and fair dealing nor California *Insurance Code* § 790.03 are relevant here. Certainly this is not a basis for awarding fees regarding removing a case to Federal Court.

Accordingly, *all* of Sunset Landmark's claimed bases for an award of fees and costs lack merit and the request should be denied.

**5.     CONCLUSION**

For all of the foregoing reasons, Chubb Custom respectfully submits that Sunset Landmark's *Motion* should be denied, but if the Court orders a remand, it should not order Chubb Custom to pay Sunset Landmark's fees and costs.


DATED:  August 7, 2017                          Respectfully submitted,

                                                GLADSTONEWEISBERG, ALC



                                      BY:  /s/ Gene A. Weisberg
                                           GENE A. WEISBERG
                                           JOSEPH P. WOHRLE
                                           Attorneys for Defendant Chubb Custom
                                           Insurance Company

1

## CERTIFICATE OF SERVICE

2   I hereby certify that on **August 7, 2017**, a copy of the following document was

3 filed electronically:

4  **DEFENDANT CHUBB CUSTOM INSURANCE COMPANY'S**

5 **OPPOSITION TO MOTION OF PLAINTIFF THE SUNSET LANDMARK**

6    **INVESTMENT, LLC TO REMAND TO STATE COURT**

7   Notice of this filing will be sent to the following parties by operation of the

8 Court's electronic filing system.  Parties may access this filing through the Court's

9 System:

10

11

12 Jayesh Patel (SBN 132939)   Attorneys for Plaintiff
Christine V. Luu (SBN 306128)  The Sunset Landmark

13 ZUBER LAWLER & DEL DUCA LLP Investment, Inc.
777 S. Figueroa Street, 37th Floor

14 Los Angeles, CA 90017
(tel) 213-596-5620

15 (fax) 213-596-5621
jpatel@zuberlaw.com

16 cluu@zuberlaw.com

17

18 DATED:  August 7, 2017   GᴌᴀᴅsᴛᴏɴᴇWᴇɪsʙᴇʀɢ, ALC

19

20         BY:  _/s/ Gene A. Weisberg_____

21          GENE A. WEISBERG
          JOSEPH P. WOHRLE

22        Attorneys for Defendant Chubb Custom
        Insurance Company

23

24

25

26

27

28

GʟᴀᴅsᴛᴏɴᴇWᴇɪsʙᴇʀɢ, ALC