UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-4021-MWF (MRWx) | Date: September 5, 2017 |
| Title: The Sunset Landmark Investment, LLC -v.- Chubb Custom Ins. Co. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE MOTION TO REMAND TO STATE COURT [7]

Before the Court are two motions, both filed by Plaintiff the Sunset Landmark Investment, LLC ("Sunset Landmark"): The first is Sunset Landmark's Motion to Remand to State Court (the "Remand Motion"), filed June 29, 2017. (Docket No. 7). On August 7, 2017, Defendant Chubb Custom Insurance Company ("Chubb") filed its Opposition. (Docket No. 10). Sunset Landmark replied on August 14, 2017. (Docket No. 13).

On July 31, 2017, Sunset Landmark filed a Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (the "Sanctions Motion"). (Docket No. 8). Chubb filed its Opposition on August 7, 2017 (Docket No. 9), and on August 14, 2017, Sunset Landmark replied (Docket No. 12). The Court has read and considered the papers filed on the Motions and held a hearing on **August 28, 2017**.

For the reasons set forth below, the Remand Motion is **DENIED**. The Court expressed the view at the hearing that the Remand Motion should be granted, and the Court continues to believe that, factually, Chubb was well aware of the basis for removal at the time Sunset Landmark filed the Complaint. Nonetheless, under the Ninth Circuit's bright-line test, the Complaint was insufficient to start the running of the first 30-day time period, for removal.

The Sanctions Motion is **DENIED**.

---

**CIVIL MINUTES—GENERAL**   1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-4021-MWF (MRWx)                    Date:  September 5, 2017
Title:    The Sunset Landmark Investment, LLC *-v.-* Chubb Custom Ins. Co.

## I. BACKGROUND

This action concerns a six- or seven-year old dispute between Sunset Landmark and its insurer, Chubb. (*See generally* Complaint (Docket No. 1-1)). In 2010, a water supply pipe burst on Sunset Landmark's property, and the parties still dispute the benefits to which Sunset Landmark is entitled. (*Id.* ¶¶ 6–11).

On March 14, 2017, after several agreements to extend the tolling period, Sunset Landmark filed a claim for breach of contract against Chubb in Los Angeles Superior Court. The Complaint states that Sunset Landmark "is, and at all time relevant hereto was, a Limited Liability Company doing business in Los Angeles County, California." (Compl. ¶ 1). The Complaint neither stated that Plaintiff was organized pursuant to the laws of California nor did it disclose the citizenship of all of its members. The Complaint does not include estimated damages. Chubb received a copy of the Complaint on March 18, 2017. (Notice of Removal ¶ 2 (Docket No. 1)).

On May 30, 2017, about two months after it received the Complaint, Chubb filed a Notice of Removal to this Court, invoking 28 U.S.C. § 1441(b) and the Court's diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal ¶ 3). The Notice of Removal states simply that removal is appropriate because Sunset Landmark "is a limited liability company organized and existing under the laws of the State of California" whereas Chubb "was and is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New Jersey" and the insurance policy at issue exceeds $75,000. (*Id.* ¶¶ 3–4). The Notice of Removal adds that "Saeed Nourmand is a member of [Sunset Landmark] . . . and is a citizen of the State of California." (*Id.* ¶ 5).

Sunset Landmark now moves for remand, contending that the Notice of Removal was untimely, and further requests the Court impose sanctions for what it considers to be Chubb's frivolous decision to remove.

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-4021-MWF (MRWx)  Date: September 5, 2017
Title: The Sunset Landmark Investment, LLC -v.- Chubb Custom Ins. Co.

## II. DISCUSSION

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."). Here, the parties do not dispute that the underlying facts show removal was proper. The parties contest only the timing of Chubb's removal.

Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Section 1446(b)(3) additionally permits removal "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Either way, a notice of removal must be filed within one year of the action's commencement. *See* 28 U.S.C. § 1446(c)(1). Although the time limit is procedural rather than jurisdictional, it "is mandatory and a timely objection to a late petition will defeat removal . . . ." *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-4021-MWF (MRWx)                     Date:  September 5, 2017
Title:       The Sunset Landmark Investment, LLC -v.- Chubb Custom Ins. Co.

    Sunset Landmark contends that Chubb's Notice of Removal was untimely because it was filed more than 30 days after receiving the Complaint, and no "other paper" was filed that triggered discovery of the parties' diversity.  (Remand Mot. at 5).  Chubb responds that, under *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121 (9th Cir. 2013), a defendant may notice removal "outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Id.* at 1125; (Opp. at 7–10).

    The Ninth Circuit has tackled this issue in a relatively recent line of cases.  In *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005), the Ninth Circuit held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694.  That is, for purposes of determining whether the first 30-day clock has begun to run, the Court is instructed to look only at the face of the Complaint itself.  Although defendants are also instructed "to apply a reasonable amount of intelligence in ascertaining removability," which may include taking actions like "[m]ultiplying figures clearly stated in a complaint," *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013), determining the citizenship of each of the members of an LLC does not appear to fall within that narrow exception to the Ninth Circuit's "bright line" rule, *Harris*, 425 F.3d at 397 n.10.

    Second is *Roth*, which was discussed by the parties at length both in the briefing and at the hearing.  *Roth* primarily stands for the proposition that information supporting removal may come from a defendant, in addition to a plaintiff.  *Id.* at 1126.  In reaching that decision, however, the Ninth Circuit distinguished a Fifth Circuit case, *S.W.S. Erectors, Inc., v. Infax, Inc.*, 72 F.3d 489, 491 (5th Cir. 1996).  The Ninth Circuit construed the Fifth Circuit decision to mean that, in line with *Harris*, a "'defendant's subjective knowledge cannot convert a non-removable action into a removable one' such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run against the defendant." *Id.*  That is, a defendant's subjective knowledge, even knowledge obtained prior to the filing of the Complaint, cannot trigger the running of the 30-day statutory clock.

**CIVIL MINUTES—GENERAL**                                                                 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-4021-MWF (MRWx)                          Date:  September 5, 2017
Title:       The Sunset Landmark Investment, LLC -v.- Chubb Custom Ins. Co.

Finally, the clearest articulation of the rule comes from the Court's decision in *Rea v. Michaels Stores Inc.*, 742 F.3d 1234 (9th Cir. 2014), decided a year after *Roth* (and not cited by Chubb).  In *Rea*, the Ninth Circuit explained that *Roth* stood for the proposition that "the two 30-day periods" set out in § 1446(b) "are not the exclusive periods for removal." *Id.* at 1238.  The Ninth Circuit stated unambiguously that, "as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove **at any time**." *Id.* at 1237–38.  Especially in light of *Harris* and *Roth*, the Ninth Circuit's unambiguous statement in *Rea* supports Chubb's position.

At the hearing, the Court expressed a contrary view, and under the unique facts of this action the Court still finds that view compelling.  Taken together, the Complaint, Notice of Removal, and undisputed facts of the parties' relationship prior to filing indicate that, as a factual matter, Chubb **was** put on notice at the moment when the Complaint was filed.  Whereas the Court or another objective party might find the Complaint statement that Sunset Landmark "was[] a Limited Liability Company doing business in Los Angeles County, California" to be ambiguous as to the citizenship of Sunset Landmark's members, the fact of the matter is Chubb has never alleged that it discovered anything new in that regard after the Complaint's filing.  It would appear that Chubb knew Sunset Landmark was a citizen of California, and thus the filing of a Complaint premised on a policy worth more than $75,000 unambiguously alerted Chubb that the action was removable.

Nevertheless, the Court reluctantly agrees with Chubb that the Ninth Circuit's "bright line rule," which favors "certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know[,]" compels the conclusion that Sunset Landmark's ambiguously pleaded Complaint did not trigger § 1446(b)(1)'s initial 30-day clock. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (reasoning adopted in *Harris*, 425 F.3d at 697 n.10).  Because the Complaint did not trigger the 30-day clock, and Sunset Landmark did not file any "other paper" to trigger § 1446(b)(3)'s 30-day clock, Chubb was free to remove the action "at any time" under the Ninth Circuit's decisions in *Roth* and *Rea*.  *See Rea*, 742

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-4021-MWF (MRWx)                    Date:  September 5, 2017
Title:       The Sunset Landmark Investment, LLC -v.- Chubb Custom Ins. Co.

F.3d at 1237–38.  Under this case law, the Court concludes that removal of this action was timely.

These cases could potentially be distinguished on the ground that they refer to a defendant's private determination of removability *after* an action was filed.  As noted above, the argument here is slightly different — that based on the undisputed timeline and the dealings of the parties *before* the action was filed, Chubb definitely interpreted *the Complaint itself* as revealing the removability of this action, regardless whether the Court or another third party would have so interpreted it.  Indeed, any other interpretation suggests Chubb had no basis under Rule 11 to file the Notice of Removal, but did so on a hunch that later proved accurate.  Despite the strength of this argument, the Court concludes that the Ninth Circuit has indicated its preference for application of an objective test.

Accordingly, the Remand Motion is **DENIED.**

In the Sanctions Motion, Sunset Landmark seeks its attorneys' fees for what it views to be a frivolous Notice of Removal.  (Sanctions Mot. at 1).  The Sanctions Motion is **DENIED** because the removal was legally correct.

### III.    CONCLUSION

For the foregoing reasons, the Remand Motion is **DENIED**, and the Sanctions Motion is also **DENIED.**

The Court will shortly set a Scheduling Conference.

IT IS SO ORDERED.