JAYESH PATEL, (SBN 132939)
  *jpatel@zuberlaw.com*
AGNES M. SULLIVAN, (SBN 240388)
  *asullivan@zuberlaw.com*
**ZUBER LAWLER & DEL DUCA LLP**
350 S. Grand Ave., 32nd Flr.
Los Angeles, California 90071
Telephone:  (213) 596-5620
Facsimile:   (213) 596-5621

Attorneys for Plaintiff **SUNSET LANDMARK INVESTMENT, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNSET LANDMARK INVESTMENT, LLC,<br><br>           Plaintiff,<br><br>     v.<br><br>CHUBB CUSTOM INSURANCE COMPANY and DOES 1 through 10, inclusive,<br><br>           Defendant. | Case No.  2:17-CV-04021-MWF-MRW<br><br>[Assigned to Hon. Michael W. Fitzgerald]<br><br>**PLAINTIFF SUNSET LANDMARK INVESTMENT, LLC'S [PROPOSED] SUR-REPLY IN RESPONSE TO CHUBB CUSTOM INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Date: September 17, 2018<br>Time: 10:00 a.m.<br>Crtrm: 5A<br><br>Trial Date: November 6, 2018 |

Plaintiff Sunset Landmark Investment LLC ("Sunset Landmark") submits this sur-reply memorandum to clarify and correct some of the confusing statements made by Chubb Custom Insurance Company ("Chubb") in its reply memorandum in support of Chubb's motion for summary judgment, based on the deposition testimony of Sunset Landmark's expert, Dr. Jose Andrade, which took place on August 29, 2018, after Sunset Landmark filed its opposition to Chubb's motion on August 6, 2018. The certified transcript of Dr. Andrade's deposition was received by Sunset Landmark on September 11, 2018.

## I.  CHUBB'S CONFUSION REGARDING THE PARTITION AND INFILL WALLS

Despite Defendant Chubb's claims in its reply brief, Dr. Jose Andrade's initial report provided to Chubb on July 6, 2018 did conclude conclusively that there is damage to the interior walls of the property. Chubb attempts to make a distinction between infill walls and partition walls.

However, as Dr. Andrade explained in his deposition on August 29, 2018, this distinction is improper. Dr. Andrade's report (Dkt. 29-3) did not analyze a single wall. Rather, it analyzed the effect of the infill walls in the southeast corner of the building. (*Id.* at 3). Infill walls in each story were lumped into four representative pairs of strut's located near the core of each story by Dr. Andrade in his analysis. Dr. Andrade's definition of an infill wall accounts for interruptions and halls in between the infill walls, and is not simply a co-linear wall as suggested by Chubb. (Declaration of Agnès Sullivan ("Sullivan Decl.") at ¶2, Exh. 1 at 14:9-28:15).

Moreover, Chubb's own expert, Dr. John Osteraas, whose deposition is scheduled for October 3, 2018, makes no distinction between infill walls and partition walls in his report. (Dkt.29-6 at 32; Exh. 1 to Sullivan Decl. at 72:3-78:10).

The fact remains that as Dr. Andrade made it clear in his deposition, contrary to Chubb's assertions in its reply, he *did* find that the infill walls of the structure suffered damage as a result of the flooding. (*Id.* at 29:17-33:9, 78:11-90:2).

## II. DR. ANDRADE'S TESTIMONY REGARDING THE RESULTS OF HIS TESTING EVIDENCING DAMAGE

Chubb offers that there is no triable issue of fact because it already paid for some repairs of the wall. Dr. Andrade's thorough testing and analysis makes it clear that the entire wall must be completely replaced to address the damage that occurred. Thus, a partial, "Swiss cheese" approach to addressing the damage, as suggested by Chubb, is not sufficient. (Sullivan Decl. at Exh. 1, 85:13-92:21, 94:3-98:15, 99:16-100:7, 103:5-105:5).

During his deposition, Dr. Andrade explained the findings in his initial report, which was provided to Chubb on July 6, 2018. Dr. Andrade testified that his initial report did in fact find that there was damage to the infill wall of the property. Based on those results, Dr. Andrade did additional testing to assess the scope and extent of damage and repair options (the results of which he did not receive until after the deadline to disclose expert reports). Thus while the initial testing and report conclusively found damage, the supplemental reports clarified that not only did the walls contribute to the structural integrity of the building, which were damaged by the flooding, but the water intrusion itself resulted in a sulfate attack, meaning that the walls are currently not in the condition they were in prior to the flooding and need to be replaced. (*Id.* at 81:19-83:24; 90:21-92:21).[1]

---

[1] Chubb has indicated that it intends to file a motion with the Court to exclude Dr. Andrade's subsequent reports showing evidence of sulfate attack on the walls, but has repeatedly refused to conduct any of its own testing even when it was invited to do so. Chubb cannot refute the findings by Dr. Andrade because Chubb itself refused to do any testing. (Sullivan Decl. at ¶¶3-4, Exh. 2).

### III. CONCLUSION

Accordingly, for the reasons stated above, and in Sunset Landmark's opposition brief and accompanying declaration, Sunset Landmark respectfully requests that this Court deny Chubb's motion for summary judgment.

Dated: September 11, 2018

**ZUBER LAWLER & DEL DUCA LLP**
JAYESH PATEL
AGNES M. SULLIVAN

By: _/S/ Agnès M. Sullivan_
Attorneys for Plaintiff SUNSET LANDMARK INVESTMENT, LLC